Matthew A. Rosenthal, Esq. (SBN 279334)
Matt@westgatelaw.com
Westgate Law
15760 Ventura Blvd., Suite 880
Los Angeles, CA  91436
T: (818) 200-1497; F: (818) 574-6022
Attorney for Plaintiff,
SHANE PFANNENSTIEL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| SHANE PFANNENSTIEL, | **Case No.: 2:16-cv-347** |
| | |
| | **COMPLAINT** |
| Plaintiff, | |
| | **(Unlawful Debt Collection Practices)** |
| v. | |
| DENT-A-MED, INC. an Oklahoma | |
| Corporation d/b/a HC PROCESSING | |
| CENTER, | |
| | |
| Defendant. | |

SHANE PFANNENSTIEL (Plaintiff), by his attorneys, WESTGATE LAW, alleges the following against DENT-A-MED, INC., and Oklahoma Corporation d/b/a HC PROCESSING CENTER (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* ("RFDCPA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* ("TCPA")

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state law claims contained herein.

5. Defendant conducts business in the state of California; therefore, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company with an office in Springdale, Arkansas.

## FACTUAL ALLEGATIONS

11. Since 2015, and specifically within one year prior to the filing of this action, Defendant contacted and/or attempted to contact Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt" originally owed to someone other than Defendant.

12. In its attempts to collect an alleged debt from Plaintiff, Defendant constantly and consistently placed collection phone calls to Plaintiff at Plaintiff's cellular telephone ending in 6662.

13. Defendant places calls from numbers including, but not limited to, 479-750-6700.

14. In the course of a telephone call on or around October 30, 2015, Plaintiff spoke with Defendant's representative, "James Fincher," and requested that Defendant cease calling his cellular telephone.

15. Despite Plaintiff's request to cease, Defendant continued to place up to four (4) calls per day to Plaintiff on a near-daily basis.

16. On December 29, 2015, Defendant placed a collection call to Plaintiff at 9:06 p.m. local time.

17. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

18. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

19. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

20. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

21. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's

cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff by answering Defendant's calls and demanding that Defendant's calls cease.

22. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

23. Defendant is not a tax exempt nonprofit organization.

24. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff on countless occasions.

### FIRST CAUSE OF ACTION
**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

25. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692c(a)(1) of the FDCPA by placing a collection call to Plaintiff after 9 p.m. local time;

    b. Defendant violated §1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

WHEREFORE, Plaintiff, SHANE PFANNENSTIEL, respectfully requests judgment be entered against Defendant, DENT-A-MED, INC., an Oklahoma Corporation d/b/a HC PROCESSING, for the following:

26. Statutory damages of $1000.00  pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

28. Any other relief that this Honorable Court deems appropriate.

## SECOND CAUSE OF ACTION

### (Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated the RFDCPA based on the following:

    a. Defendant violated §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b. Defendant violated §1788.11(e) of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

    c. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

WHEREFORE, Plaintiff, SHANE PFANNENSTIEL, respectfully requests judgment be entered against Defendant, DENT-A-MED, INC., an Oklahoma Corporation d/b/a HC PROCESSING, for the following:

31. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

32. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

33. Any other relief that this Honorable Court deems appropriate.

COMPLAINT

### THIRD CAUSE OF ACTION
### (Violations of the TCPA, 47 U.S.C. § 227)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following

    (a)    Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    (b)    Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

36. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

COMPLAINT

RESPECTFULLY SUBMITTED,

DATED:  January 15, 2016                WESTGATE LAW


By: /s/ Matthew A. Rosenthal

Matthew A. Rosenthal
Attorney for Plaintiff

COMPLAINT